**E-FILED on** 8/4/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Ignacio Garcia and Mike O'Donnell, as Trustees of the Valley Mortar Trades Holding Trust Fund and Pension Trust Fund for Plasterers Local 300;<br><br>Plaintiffs,<br><br>v.<br><br>Troy Dudley, individually and doing business as Superior Stucco;<br><br>Defendant. | No. C-08-02525 RMW<br><br>ORDER RE DEFENDANT'S JULY 17, 2009 LETTER REQUEST<br><br>**[Re Docket No. 20]** |

The court received the attached letter on July 17, 2009 from Troy Dudley of Superior Stucco concerning the hearing on plaintiffs' motion for summary judgment that he did not attend on July 10, 2009. The court considered the papers that had been filed (no opposition was filed by Mr. Dudley or Superior Stucco) and called the matter for hearing on July10. Only Sue Campbell, on behalf of plaintiffs, appeared. The court announced its intent to enter judgment in favor of plaintiffs. The court, however, has not yet issued its written order or entered judgment. In view of Mr. Dudley's letter, the court hereby resets the matter for hearing on August 28, 2009 at 9:00 a.m. if the following requirements are met. The court hereby advises Mr. Dudley as follows:

1. The plaintiffs have made a motion for summary judgment by which they seek to have judgment entered against you in the amount of $103,944.80 in unpaid contributions, plus $10,394.48

in liquidated damages, plus interest, costs and attorney's fees. If granted, the motion for summary judgment, which was made under Rule 56 of the Federal Rules of Civil Procedure, will cause judgment to be entered against you in the requested amount.

2. Rule 56 tells you what you must do in order to oppose summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case – and the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

3. When a party who brings a lawsuit against you makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your answer says or what you may argue in court. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the plaintiffs' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, there will be no trial.

4. Although the time you were given in which to respond to the plaintiffs' motion for summary judgment has expired, if you show good cause by declaration and documents for not timely responding and further show that there is a triable issue of fact as to whether you owe the money that plaintiffs claim, the court may reconsider whether to enter the summary judgment that it had announced its intent to enter on July 10, 2009.

You must file the declaration and documents required by this order by August 14, 2009. Plaintiffs may reply by August 21, 2009. As noted above, the court will hold a hearing on August 28, 2009 at 9:00 a.m. if you comply with his order. If you do not comply, there will be no hearing and the judgment request by plaintiff will be entered.

DATED:     8/4/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER —No. C-08-02525 RMW
TER                                         2

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

**Sue Campbell**           suecampbell@att.net

**Notice of this document has been mailed to:**

**Defendant:**

Troy Dudley
Superior Stucco
4137 N. Academy
Sanger, CA 93657

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     8/4/09                                         TER
                                                  **Chambers of Judge Whyte**

United States District Court
For the Northern District of California