United States District Court
For the Northern District of California

**E-FILED on** 9/15/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Ignacio Garcia and Mike O'Donnell, as Trustees of the Valley Mortar Trades Holding Trust Fund and Pension Trust Fund for Plasterers Local 300;

Plaintiffs,

v.

Troy Dudley, individually and doing business as Superior Stucco;

Defendant.

No. C-08-02525 RMW

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**[Re Docket No. 3]**

Plaintiffs Ignacio Garcia *et al.* brought this action against defendant Troy Dudley, both individually and d.b.a. Superior Stucco, alleging violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiffs seek to recover unpaid contributions, liquidated damages, interest, audit fees, and attorneys' fees owed by defendant in breach of a Collective Bargaining Agreement.

Plaintiffs' motion for summary judgment came on for hearing before the court initially on July 10, 2009. Defendant filed no papers in opposition to the motion, and as a result of unexpected difficulties in traveling to the courthouse, defendant failed to appear at the July 10, 2009 hearing. Nevertheless, as an accommodation to defendant, who is proceeding pro se, the court granted him a

**United States District Court**
For the Northern District of California

further opportunity to submit admissible evidence to oppose plaintiff's motion and set the matter for further hearing on August 28, 2009. The court's order in this regard gave defendant specific instructions regarding what would be needed in order to oppose the motion for summary judgment, as well as the consequences of a failure to do so. While plaintiff did submit a one-paragraph letter and a few payroll forms, he did not comply with the court's instructions and did not present any admissible evidence sufficient to challenge plaintiffs' motion for summary judgment.

The court has considered the papers submitted by the parties and the arguments of plaintiff's counsel, and of defendant, at oral argument. For good cause appearing for the reasons set forth below, plaintiff's motion is granted.

## I. BACKGROUND

Defendant Troy Dudley d.b.a. Superior Stucco operates his business in the County of Fresno, State of California. (Compl. ¶ 4.) On February 16, 2004, Dudley entered into a Memorandum Agreement agreeing to be bound by the terms of a Collective Bargaining Agreement ("CBA") with the Operative Plasterers' and Cement Masons' Local Union No. 300 ("Local Union"). (Clark Decl. ¶ 6.) The CBA incorporates the terms of the master Labor Agreement between the Local Union and the Master Plasterers' and Lathers' Association of Fresno, Tulare, Kings and Madera Counties. (*Id.*, Ex. A.) Dudley was a signatory to the CBA from February 16, 2004 until June 30, 2007, the date Dudley effectively resigned from the CBA. (*Id.* ¶ 6-7.)

The CBA obligates each covered employer, including defendant, to make monthly contributions to a set of fringe benefit funds established on behalf of covered employees. (*Id.* Ex. C. Art. V § 6.) Monthly contributions are calculated at a specified rate for each hour worked by a covered employee. (*Id.* Ex. C. Art. V § 2.) Under the CBA, funds are permitted to appoint an auditor to review an employer's records to ensure the employer is not delinquent in its contributions. (*Id.* Ex. C. Art. V § 8.) If an employer becomes delinquent, it is assessed as liquidated damages 10 percent of the amount due per fund per month. (*Id.* Ex. C. Art. V § 7.) Additionally, interest on all unpaid contributions and liquidated damages accrues at the rate of 10 percent per annum from the date each was due. (*Id.*)

United States District Court
For the Northern District of California

After Dudley resigned from the CBA on June 30, 2007, the Trustees of the Plasterers' Local 300 Employee Benefit Trust Funds commissioned Benay W. Von Husen of Widlund Company Auditing Services to perform an exit audit of Superior Stucco. (Pls.' Mot. for Summ. J. 6:12-17.) Von Husen conducted her audit on-site at Superior Stucco around October 2007. (Von Husen Decl. ¶ 1.) Dudley maintained limited records of each employee's work classification - either plasterer or lather. (Campbell Decl. Ex. A "Dep. of Troy Jason Dudley" 12:18-24.) Therefore, Von Husen devised a formula to determine whether to count an employee as a plasterer for purposes of the audit. (Von Husen Decl. ¶ 6-7.) If an employee appeared as a plasterer on Dudley's monthly remit forms to the funds, all of that employee's hours were counted toward plastering. (Von Husen Decl. ¶ 6.) If an employee did not appear as a plasterer on the monthly remit forms, but showed up as a plasterer on Dudley's payroll records, all of that employee's hours were also counted toward plastering. (Von Husen Decl. ¶ 7.)

After comparing the monthly remit forms against Dudley's payroll records, Von Husen concluded in a final audit report dated May 7, 2009 that Dudley owed $103,944.80 in unpaid contributions. (Von Husen Decl. ¶ 9.) Von Husen also ascertained that Dudley owed $10,394.48 in liquidated damages and $18,070.56 in interest through May 31, 2009. (*Id.*)

## II. LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). Material facts are those which may affect the outcome of the case and a dispute as to a material fact is "genuine" only if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that there is no material factual dispute and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). The court draws all justifiable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

United States District Court
For the Northern District of California

## III. ANALYSIS

### A. Defendant's Legal Liability

The court finds no genuine issue of material fact concerning defendant's legal liability under the CBA. Neither party disputes that on February 16, 2004 Dudley signed the Memorandum Agreement making official his coverage under the CBA. (Clark Decl. Ex. A.) The CBA was to remain in effect from year to year or until termination by either party. (*Id.*) There is no evidence that either party terminated the agreement before Dudley resigned from it on June 30, 2007. Therefore, the court finds that Dudley d.b.a. Superior Stucco was bound by the CBA from February 16, 2004 to June 30, 2007.

Under ERISA, 29 U.S.C. § 1145:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Dudley admits that he started making contributions to the plasterers' trust funds in 2005. (Campbell Decl. Ex. A "Dep. of Troy Jason Dudley" 8:1-5.) The current action involves contributions Dudley failed to make from March 2005 to June 2007. (Von Husen Decl. Ex. A.) As a signatory to the CBA, Dudley violated ERISA by neglecting to make these contributions.

### B. Unpaid Contributions

Federal courts should strictly construe the clear terms of collective bargaining agreements. *See Irwin v. Carpenters Health and Welfare Trust Fund for California*, 745 F.2d 553, 557 (9th Cir. 1984). In this case, the relevant provisions of the plasterers' CBA are unambiguous. Article V, Section 6 mandates covered employers to make contributions to various funds set up on behalf of employees. (Clark Decl. Ex. C.) Section 2 establishes the contribution rates per hour per fund, and Section 7 clearly requires employers to remit their contributions by the tenth day of every month. (*Id.*) Payments not received by the twentieth day of the month then become delinquent. (*Id.*)

The trustees of the plasterers' trust funds ordered an audit and discovered that Dudley was out of compliance. Von Husen's audit revealed that Dudley owed $103,944.80 in unpaid contributions. (Von Husen Decl. ¶ 9.) Because Dudley failed to keep comprehensive records of the

work classifications (plasterer or lather) of his employees for each hour, there is some uncertainty as to whether Von Husen's figure truly represents the amount due. Von Husen's formula tracks any employee who was ever classified as a plasterer, either on the monthly remit forms or the payroll forms, and counts that employee's unpaid hours wholly toward plastering. (Von Husen Decl. ¶ 6-7.) It is possible that some employees actually did lathing work during those hours, making Von Husen's calculation of the unpaid contributions too high. (Campbell Decl. Ex. A "Dep. of Troy Jason Dudley" 14:15-15:7.)

Nevertheless, under Ninth Circuit law, Von Husen's calculation is appropriate. Once the trustees have established that the "fact of damage is certain" and shown that defendant failed to keep adequate records as it is statutorily required to under ERISA, the burden shifts to defendant to come forward with evidence of the work its employees actually performed. *See Brick Masons Pension Trust v. Indus. Fence & Supply, Inc.*, 839 F.2d 1333, 1338-39 (9th Cir.1988). If defendant fails to produce the appropriate documentation, plaintiffs "are entitled as a matter of law to recover contributions for all hours worked by these [employees] during the [period] in which they were shown to have performed some covered work for [the defendant]." *Id.* at 1339. Here, Von Husen's audit is supported by sufficient documentation to establish the fact of damages. Dudley, on the other hand, has not presented any evidence to disprove the results of Von Husen's audit. Accordingly, defendant has failed to meet his burden, and there is no genuine issue of material fact that Dudley is liable for $103,944.80 in unpaid contributions.

**C. Liquidated Damages and Interest**

Under ERISA, the trustees are entitled to liquidated damages. *See* 29 U.S.C. § 1132(g)(2)(C). Liquidated damages are appropriate when: "(1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages." *Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989). Here, plaintiffs are entitled to judgment and due unpaid contributions at the time of suit. The CBA provides for liquidated damages. Accordingly, plaintiffs are entitled to $10,394.48 in liquidated damages.

United States District Court
For the Northern District of California

Under ERISA, the trustees are also entitled to interest on the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(B); *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1342 (9th Cir. 1988) (holding that when the trust fund is the prevailing party, it is entitled to all the relief mandated under § 1132(g)(2)). The court determines the amount of interest by the rate provided under the plan. *See* 29 U.S.C. § 1132(g)(2). Under the plan, interest on all unpaid contributions and liquidated damages accrues at the rate of 10 percent per annum from the date each was due. Clark Decl. Ex. C, Art. V § 7. Plaintiff is entitled to such interest.

**D. Attorneys' Fees and Costs, and Audit Fees**

Under ERISA, plaintiffs are entitled to recover reasonable attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D). Accordingly, the court awards plaintiffs their reasonable attorney's fees and costs.

Plaintiffs also seek to recover fees in the amount of $1,895.27 for the cost of Von Husen's audit. Pursuant to the CBA, a delinquent employer is obligated to bear audit costs. (Clark Decl. Ex. C, Art. V. § 8.) Under ERISA, the court can award any "other legal or equitable relief" that the court deems appropriate. 29 U.S.C. § 1132(g)(2)(E). "[O]ther legal or equitable relief" can encompass audit fees. *See Operating Engineers Pension Trust*, 859 F.2d at 1343. The court finds that plaintiffs are entitled to audit costs in the amount of $1,895.27.

**IV. ORDER**

For the foregoing reasons, the court grants plaintiffs' Motion for Summary Judgment and awards plaintiffs' damages consisting of $103,944.80 in unpaid contributions, interest on the unpaid contributions, $10,394.48 in liquidated damages, audit fees in the amount of $1,895.27, plus attorneys' fees and costs, subject to the court's review and approval.

DATED: 9/15/09

Ronald M Whyte

RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

**Sue Campbell**
Email: suecampbell@att.net

**A copy of this document has been mailed to:**

**Defendant:**

**Troy Dudley**
Superior Stucco
4137 N. Academy
Sanger, CA 93657

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 9/15/09

TER
**Chambers of Judge Whyte**